# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Solomon Coleman,<br><br>    Plaintiff<br><br>v.<br><br>Las Vegas Metropolitan Police Department, et al.,<br><br>    Defendants | Case No.: 2:20-cv-00739-JAD-BNW<br><br>**Order Granting Motion to Set Aside Dismissal Order, Reopening Case, and Reinstating Motion to Dismiss**<br><br>[ECF Nos. 28, 29] |

    This court granted defendants' motion to dismiss and entered judgment in favor of the defendants after plaintiff's counsel failed—despite two extensions of time—to oppose it.[1] Plaintiff moves to set aside that judgment and to have the court consider his late-filed response. Rule 60(b)(1) allows a court to "relieve a party or its legal representative from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect."[2] Plaintiff argues that his counsel's absent-mindedness constitutes excusable neglect.[3] Defendants, having garnered a swift and near-effortless dismissal, implore the court to deny the request.[4]

    To determine whether neglect is excusable, the court considers "at least four factors" known as the *Pioneer-Briones* factors: "(1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and

---

[1] ECF No. 26 (minutes).
[2] Fed. R. Civ. P. 60(b)(1).
[3] ECF Nos. 28, 29.
[4] ECF No. 30.

(4) whether the movant acted in good faith."[5]  Plaintiff argues that all four of the *Pioneer-Briones* factors weigh in favor of granting him relief from the dismissal order.  He stresses that the delay was minimal—he moved to reopen the case within three weeks of having blown the twice-enlarged deadline to respond to the motion to dismiss.  He claims that the error was made in good faith: "his attention was regrettably diverted from the important tasks at hand due to family obligations that required travel out of town," and then the motion slipped his mind entirely.[6]  Regardless, he contends, his oversight had minimal impact on the proceedings and caused no prejudice to the defendants.[7]  Defendants respond that the delay is more significant because of the prior deadline extensions, and plaintiff's counsel should have realized his mistake much earlier.[8]  In reply, plaintiff notes that his blundering attorney has since been replaced.[9]  Although these excuses are thin, I find that the plaintiff has shown that the *Pioneer-Briones* factors weigh slightly in favor of finding excusable neglect to set aside the dismissal order.  But I caution that, in light of the history of this case, further missteps will not be overlooked or so freely excused.

      IT IS THEREFORE ORDERED that the motions to set aside the dismissal order and judgment **[ECF Nos. 28, 29] are GRANTED**.  The minute order granting the motion to dismiss **[ECF No. 26] and** the resulting judgment **[ECF No. 27] are SET ASIDE and VACATED.**

---

[5] *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223 (9th Cir. 2000)).

[6] ECF No. 29 at 4.

[7] *Id*. at 6.

[8] ECF No. 30 at 6.

[9] ECF No. 33.

IT IS FURTHER ORDERED THAT the Clerk of Court is directed to:

- REOPEN this case;
- REACTIVATE the motion to dismiss [ECF No. 10]; and
- FILE plaintiff's response thereto [ECF No. 29-1].

IT IS FURTHER ORDERED that defendants have 10 days to file a reply in support of the motion to dismiss [ECF No. 10].

_____
U.S. District Judge Jennifer A. Dorsey
Dated: June 9, 2021