# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Solomon Coleman, | Case No. 2:20-cv-00739-JAD-BNW |
| Plaintiff, | |
| v. | **Order** |
| Las Vegas Metropolitan Police Department, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiff's Motion to Compel. ECF No. 81.[1] Defendants' opposition is at ECF No. 83, and Plaintiff's Reply is at ECF No. 84.

In addition, Plaintiff filed a Motion for Sanctions. ECF No. 88. Defendants' opposition is at ECF No. 83, and Plaintiff's Reply is at ECF No. 84.

**I.   Motion to Compel**

The Court construes Plaintiff's Motion as a Motion to Compel under Fed. R. Civ. P. 37(a)(3)(A)(i) and 37(a)(3)(A)(iv).[2] The parties are familiar with the arguments. As a result, the Court only incorporates them as relevant to its Order.

Plaintiff seeks to compel the following:

(a) depositions for 30(b)(6) witnesses to be properly prepared and available to answer remaining topics (2, 15, & 16c);

(b) provide training records of officers involved in Officer Coleman's investigation;

(c) provide a retention schedule;

(d) provide P1/LMRS case notes;

(e) provide unmodified UFED file;

---

[1] Plaintiff filed two additional motions as part of this same Motion (Motion for Sanctions and Motion to Extend Deadlines), which are now separately filed at ECF Nos. 88 and 89, respectively.

[2] Plaintiff's Motion makes clear he intends the Court to compel (1) more fulsome answers to questions asked during the Rule 30(b)(6) depositions, and (2) the production of items listed above.

 (f) provide fruits of administrative subpoenas;

 (g) provide fruits of warrants 1 & 2;

 (h) provide readable audio files (10 of the 17 files received were unreadable or corrupt);

 (i) provide readable file for LVMPD001258 cctv4 which was unreadable or corrupt;

 (j) provide missing audio taped statements of witnesses;

 (k) turn over any and all email communications regarding Officer Coleman's investigation from May of 2013 to 2019, including but not limited to any and all email communications with CCDA Officer Lisa Luciach, Labor and relations Kelly Sweeny, Lt. Dan Mcgrath, Cheryl Hooten, Brian Santarossa, Donald Shane, Vicente Ramirez, Joseph Lepore, Nancy Fox, Andrew Walsh, Tim Kelly, Thomas Roberts, Leslie Forsythe, Diane Gonzales, Patty Serrano, Mike King, Andrew Walsh, Brian Greenway, Christopher Darcy, Carla Alston, John Sheahan, Douglas Gillespie, Jim Dixon, Theodore Moody, Greg McCurdy, Joseph Lombardo, Gary Schofield, Kevin McMahill, Chris Little, Jamie Prosser, Noah Grimm, David Gordon; this request was made in Plaintiff's prior Motion to Compel and the Court ordered in the Discovery Hearing dated 2/6/2023 that, "Defense Counsel shall provide a Declaration as stated in open court," which Defendant's counsel has failed to provide.

ECF No. 81 at 8. Plaintiff's argument can be divided into three subparts: (1) 30(b)(6) witnesses were not properly prepared for their depositions as they failed to answer questions within the designated Rule 30(b)(6) topics, (2) defense counsel coached Marlene Srok during her 30(b)(6) deposition, and (3) Defendants failed to produce discovery.

 A. <u>**Whether witnesses were properly prepared for their depositions or failed to answer questions**</u>

Upon the noticing of a corporation's deposition, it must designate one or more persons to testify on its behalf. Fed. R. Civ. P. 30(b)(6). "The purpose of a Rule 30(b)(6) deposition is to

streamline the discovery process." *Risinger v. SOC, LLC*, 306 F.R.D. 655, 662 (D. Nev. 2015). The deposition notice must "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6). The corporation must then prepare the deponent "to fully and unevasively answer questions about the designated subject matter." *Great Am. Ins. Co. of N.Y. v. Vegas Constr. Co.*, 251 F.R.D. 534, 539 (D. Nev. 2008); *see also Nev. Power Co. v. Monsanto Co.*, 891 F. Supp. 1406, 1418 (D. Nev. 1995) (the corporation must prepare the deponent to give "complete, knowledgeable and binding answers"). This duty to prepare "goes beyond matters personally known to the witness or to matters in which the designated witness was personally involved." *Risinger*, 306 F.R.D. at 663. The deponent must be "thoroughly educated" on the topics. *Great Am. Ins. Co.,* 251 F.R.D. at 539.

As best as the Court can tell, the topics at issue are Topics 2, 15 and 16(c).[3] Topic 2 reads as follows: "The actions of LVMPD employees in response to Plaintiff's sexual misconduct criminal investigation, including investigations conducted, meetings held, witness statements obtained, reports prepared, photographs taken, video surveillance viewed and/or preserved, and inspection and preservation of Plaintiff's criminal investigation." ECF No. 84 at 17. Topic 15 includes the following: "The CAYF (Crimes Against Youth and Family) policies, practices and procedures regarding seized property including when a CFL (Computer Forensic Lab) supervisor's signature is required in 2013." ECF No. 81-1 at 3. Lastly, Topic 16(c) asks for "the policies, practices and procedures going outside of the scope of a search and seizure warrant." *Id*.

First, the Court notes that Plaintiff's Motion provides no substantive argument as to why the answers to his questions were deficient. And, even if the Court were to consider arguments Plaintiff first raised in his Reply, those would still fail as they are too generalized. ECF No. 84 at 17 ("Lepore selectively answered certain portions of topic 2"), ECF No. 84 at 18 (Darcy's Response did not even point to a specific policy or procedure"), ECF No. 84 at 19 ("Skehan told

---

[3] It is not clear whether Plaintiff also believes Topics 16(d) through (g) were not fully answered: he does not list those topics on page 8 of his Motion although he refers to those topics throughout the brief.

Plaintiff again that he was making an 'incorrect statement' and fails to provide a complete and adequate response to the question"), ECF No. 84 at 19 ("the excerpts prove Plaintiff's claim that complete answers were not provided"). As a result, the Court cannot issue any rulings on the sufficiency or insufficiency of the answers.

There appears to be some confusion between Plaintiff's expectation of what the witnesses should have been prepared to answer and what they were actually designated to answer. That is, Plaintiff seems to be under the impression that *all* the witnesses in question should have been ready to answer questions as to *all* remaining topics. ECF No. 84 at 8 ("Defense Counsel did not instruct or prepare their 30(b)(6) designee to answer any other the [sic] remaining topics listed in Plaintiff's April 19 email correspondence"; *see also* ECF No. 84 at 17 ("Defendants do not provide where and how Lepore answered the remaining portions of topic 2, or topics 15, 16c, d, f, g, & 19.") The Court is not privy to the topic or topics that each witness was designated to answer (other than what can be deciphered through deposition testimony). But witnesses are only responsible for answering the topic(s) they were designated to answer—nothing more. So, for example, if witness A has been designated to answer topics 1, 2, and 3, she would not be responsible for answering questions that come within topics 5, 6, and 7.

At bottom, in the absence of specific arguments, it is not clear how the witnesses in question were not properly prepared for their depositions or how they failed to answer questions.[4]

**B. Defense counsel did not coach Marlene Srok during her deposition.**

Plaintiff argues defense counsel improperly coached the witnesses. Plaintiff's exhibit in support of his argument (at ECF 81-1 at 24-25) shows that defense counsel showed the witness a particular policy after Plaintiff asked a question. It is fair to interpret Plaintiff's question as one touching on the policy responsible for ensuring detectives properly retain information about their

---

[4] The Court's general impression after reading the transcripts of the depositions at issue is that witnesses were prepared for their depositions and were able to answer the overwhelming majority of questions. ECF No. 83-6, 83-7, and 83-8.

investigations. It is not clear why counsel for defense would not be allowed to refer the witness to a policy that provides answers to that question. *Great Am. Ins. Co.*, 251 F.R.D. at 534 ("Rule 30(b)(6) is not designed to be a memory contest.") (citation omitted). Certainly, defense counsel could have used that document to refresh the witness' recollection. In addition, the policy in question had already been disclosed to Plaintiff. Lastly, meeting for 30 minutes in preparation for a deposition is not indicia that the witness was not properly prepared.

### C. Failure to produce discovery

As to items (b)-(k) above, the Court notes Plaintiff has not complied with LR 26-6(b), which requires the movant to set forth the text of the discovery request and any response to it. Failure to comply with this local rule makes it impossible for the Court to determine whether there are proper grounds for any such withheld discovery. As applied to this case, it makes it very hard for the Court to track the reasons why Plaintiff contends he is entitled to certain productions. Indeed, several of the listed items are not accompanied by any argument. Lastly, Defendants assert they have produced everything, but Plaintiff's reply is not clear as to what has been produced or not (or whether for example, he has the transcripts that go hand in hand with the inaudible files).

## II. Motion for Sanctions

As explained above, the Court does not find defense counsel behaved improperly during Ms. Srok's deposition. As a result, sanctions are not proper under Fed. R. Civ. P. 30(a)(5). In addition, Fed. R. Civ. P. 30(b)(2) is not applicable as the Court issued no orders in connection with the depositions at issue.

## III. Conclusion

**IT IS ORDERED** that Plaintiff's Motion to Compel at ECF No. 81 is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff Motion for Sanctions at ECF No. 88 is **DENIED**.

**IT IS FURTHER ORDERED** that the hearing set for August 31, 2023 regarding ECF Nos. 81 and 88 is VACATED.

DATED: August 17, 2023

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE