**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Solomon Coleman<br><br>    Plaintiff<br>v.<br><br>Las Vegas Metropolitan Police Department, et al.<br><br>    Defendants | Case No.: 2:20-cv-00739-JAD-BNW<br><br>**Order Granting Defendants' Motion to Exceed Page Limits and Denying Plaintiff's Motion to Strike**<br><br>[ECF Nos. 95, 100] |

Defendants Las Vegas Metropolitan Police Department, Joseph Lepore, Brain Santarossa, Donald Shane, and R. Tennant move under Local Rule (LR) 7-3(c) to file excess pages for their summary-judgment motion on all of Coleman's § 1983 claims against them.[1]  Coleman moves to strike the defendants' 65-page summary-judgment motion, arguing that they have not shown good cause for those extra pages.[2]  I grant the defendants' motion and deny Coleman's.

Under LR 7-3(a), summary-judgment motions are limited to 30 pages.  Subsection (c) of that rule permits parties to file motions to exceed that page limit, but warns that such a motion "will be granted only upon a showing of good cause."  A motion to exceed page limits "must be filed before the motion or brief is due and must be accompanied by a declaration stating in detail the reasons for, and number of, additional pages requested."[3]  The motion "is limited to three pages in length."[4]

---

[1] ECF No. 95.
[2] ECF No. 100.
[3] L.R. 7-3(c).
[4] *Id*.

The defendants' declaration in support of their motion explains that Coleman's complaint "contains 235 paragraphs and identifies six federal causes of action against eight defendants," many of which have multiple theories of liability, based on facts dating back to 2012.[5] They also note that matters of issue preclusion and qualified immunity are at play here, requiring separate analyses.[6] The defendants explain that, "[t]o properly address the separate causes of action and multiple theories for each cause of action, additional pages are needed to establish each individual's involvement and alleged issues."[7]

Coleman responds that the defendants violated LR 7-3(c) because their motion is four pages long, not three.[8] But that small procedural deficiency is an insufficient reason to deny the defendants' motion. Only the conclusion block falls onto that fourth page—the entirety of the declaration required by LR 7-3(c) falls within the rule's page limit.

Coleman also contends that the defendants "did not demonstrate good cause in exceeding the page limit so excessively."[9] But the defendants have shown that, to adequately brief their motion, it must include a lengthy procedural history; accounts of each defendants' involvement in the facts supporting Coleman's claims; and analyses of Coleman's six claims (each involving several defendants and multiple theories of liability) issue preclusion on some of those claims stemming from Coleman's criminal proceedings, and qualified immunity for each individual defendant. I find that defendants have shown good cause for their oversized brief.

---

[5] ECF No. 95 at ¶¶ 4–5, 10.
[6] *Id.* at ¶ 6–7.
[7] *Id.* at ¶ 8.
[8] ECF No. 100 at ¶ 6.
[9] *Id.* at ¶ 10.

Coleman also contends that allowing defendants to exceed the page limits would require him, a pro se litigant, to respond to a motion that is twice the standard length within the standard 21 days, which he avers "would be a significant burden."[10]  To ease that burden, I *sua sponte* extend Coleman's deadline to respond to the motion by an additional 21 days—double the standard window for response.

## Conclusion

IT IS THEREFORE ORDERED that the defendants' motion to exceed page limits **[ECF No. 95] is GRANTED** and Coleman's motion to strike the 65-page summary-judgment motion **[ECF No. 100] is DENIED**.  Coleman's response to the defendants' summary-judgment motion [ECF No. 97] is now due on **October 20, 2023**.

_____
U.S. District Judge Jennifer A. Dorsey
September 14, 2023

---

[10] ECF No. 99 at 3.