UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SOLOMON COLEMAN,<br><br>                              Plaintiff,<br><br>    v.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT,<br><br>                              Defendant. | Case No. 2:20-cv-00739-JAD-BNW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Quash. ECF No. 85. Defendants' Opposition is at ECF No. 86 and Plaintiff's Reply is at ECF No. 93.

The parties are familiar with the arguments. As a result, the Court only incorporates them as relevant to the determination of this motion.

**I.     ANALYSIS**

**A.     Failure to meet and confer**

LR 26-6(c) states that discovery motions will not be considered unless the movant has made a good-faith effort to meet and confer. LR 26-6(c). The Court agrees with Defendants that there has been no proper meet and confer. But the Court always retains the discretion to dispense with the rule in the interests of justice. LR IA 1-4. Here, the issues have been fully briefed. In addition, it does not appear that a meet and confer at this stage will dispense with the need to come before this Court. After considering Rule 1, the Court exercises its discretion to resolve this matter on the merits.

**B.     Whether the subpoena violated Rule 45(a)(4)**

Rule 45(a)(4) states that before a subpoena like the one in question is served on the person to whom it is directed, "a notice and a copy of the subpoena must be served on each party." FED. R. CIV. P. 45(A)(4).

Plaintiff's moving papers contend that he did not receive notice of the deposition in

question. Defendants' response points to the notice of the deposition (at ECF No. 86-1) to show that Plaintiff's assertion is incorrect. Plaintiff's reply shifts and argues that he did not receive a copy of the subpoena.

The Court will not consider arguments made for the first time in the reply.[1] *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007).

### C. Whether the subpoena allowed for a reasonable time to comply under Rule 45(d)(3)(i)

Defendants sent Plaintiff an email on July 26, 2023, informing him of their desire to depose the witness on August 10, 2023, by way of videoconference. ECF No. 86-3. In addition, Plaintiff received the notice of deposition on July 28, 2023. ECF No. 86-1. Plaintiff rejected the notice on July 30, 2023 as untimely. ECF No. 86-5. The witness was served at his home on August 3, 2023. *See also* ECF No. 86-2.

First, Plaintiff appears distressed that Defendants did not afford him the same courtesy that he argues he has afforded them. That is, Plaintiff argues that (1) there were less than 14 days between the notice of the depositions and the actual deposition and (2) Defendants unilaterally chose the date without checking his schedule.

While this is certainly not the best practice, the reality is that Plaintiff was first notified of the deposition on July 26, 2023—which was 15 days prior to the actual deposition date. ECF No. 86-3. Plaintiff waited until July 30, 2023 to reject the notice. Moreover, nowhere does he explain why there was no reasonable time to comply with the subpoena or offer alternatives dates for the deposition to take place. Indeed, Defendants' efforts to reach out to Plaintiff to meet and confer on this issue were to no avail. Lastly, there is no record of the witness himself noting that he would not be able to comply based on the timeline at issue. The Court notes that the documents

---

[1] The Court also notes that while there may have been a failure to strictly comply with FED. R. CIV. P. 45(A)(4), Plaintiff was ultimately able to file his objections. *See Littlefield v. NutriBullet, L.L.C.*, No. CV 16-6894 MWF (SSX), 2018 WL 5264148 (C.D. Cal. Jan. 22, 2018) (adopting a less literal approach to the Rule and declining to quash the subpoena where the opposing party was able to raise objections and had not been prejudiced by the violation).

1  requested (his file) would not require much time for the witness to produce and that the
2  deposition was to be virtual—allowing both Plaintiff and the witness to appear remotely. Based
3  on the totality of the circumstances at play, the subpoena provided a reasonable time to comply.
4  As a result, the Court will not quash the subpoena on this ground.

**D.    Whether the subpoena required the witness to appear at a location beyond geographical limits in violation of Rule 45(d)(3)(ii)**

According to Rule 45(c)(1)(A), a subpoena may command a person to attend a deposition only within 100 miles of where the person resides, is employed, or regularly transacts business in person. FED. R. CIV. P. 45(C)(1)(A).

When asked, Plaintiff told Defendants to use the witness's address in Texas for purposes of serving the *subpoena deuces tecum*. ECF No. 86-4. When Defendants learned that the witness was based in California, they served the witness in California. ECF No. 86-9. Thus, the subpoena commanded the deposition within 100 miles of the witness's home. Indeed, the subpoena lists the witness's address as the place where the witness must appear. *Id.* Lastly, the deposition was to take place by way of videoconference and the notice indicated that the witness could be present at any physical location. ECF No. 83-1. As Defendants complied with the requirements of Rule 45(c)(1)(A), the Court will not quash the subpoena on this ground.

**E.    Whether the subpoena required disclosure of privileged material in violation of Rule 45(d)(3)(iii)**

Plaintiff does not provide any substantive argument to explain why the materials in question are privileged. Indeed, he states he can only "assume" the request is for privileged information. As a result, the Court will not quash the subpoena on this basis.

**F.    Whether the subpoena would subject the witness to undue burden in violation of Rule 45(d)(3)(iv)**

A party generally has no standing to move to quash or modify a *subpoena duces tecum* issued to a third person unless the party claims some personal right or privilege regarding the documents sought. *See Hawaii Regional Council of Carpenters v. Yoshimura*, 2017 WL 738554,

3

at *2 (D.Haw. Feb. 17, 2017). A party has no standing to move to quash a subpoena on the ground that it is unduly burdensome when the nonparty has not objected on that basis. *Id.* (citing *Chevron Corp. v. Donziger*, 2013 WL 4536808, at *4 (N.D.Cal. Aug. 22, 2013)).

Plaintiff does not advance any arguments showing that he has standing to move to quash on this ground. As a result, this is not a proper basis to quash the subpoena.

### G. Relevance of documents sought

Plaintiff argues that the subpoena is not relevant to "whether Defendant can demonstrate the competency of the expert and the information used in forming the opinion." But a party's objection that the subpoena issued to the nonparty seeks irrelevant information is not grounds on which a party has standing to move to quash a subpoena issued to a nonparty, especially where the nonparty, itself, has not objected. *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at *4. "A party can, however, move for a protective order in regard to a subpoena issued to a nonparty if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to nonparties which seek irrelevant information." FED. R. CIV. P. 26(c)(1); *see also First Am. Title Ins. Co. v. Commerce Assocs.*, LLC, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017).

## II. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff's Motion at ECF No. 85 is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are to meet and confer within 5 days of this Order on a mutually agreeable date and time for the deposition of this witness. The deposition must take place within 30 days of this Order. To the extent Plaintiff has not been served with a copy of the subpoena, Defendants must do so prior to the meet and confer.

**IT IS SO ORDERED.**

DATED this 18th day of September 2023.

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE

4